UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALIOU SEYDOU SOW,

        Petitioner,

             v.                        CAUSE NO. 3:26-CV-1023-CCB-SJF

WARDEN,

        Respondent.

## **OPINION AND ORDER**

Immigration detainee Aliou Seydou Sow, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. According to the petition, on November 30, 2004, the Board of Immigration Appeals affirmed his removal order, and the Immigration and Customs Enforcement (ICE) detained him on December 4, 2025. He is currently held at the Miami Correctional Facility.

Sow argues that he is entitled to habeas relief because his removal to Mauritania will not occur in the reasonably foreseeable future, and he asks for his immediate release. The court observes that it denied a prior habeas petition from Sow challenging immigration detention in Case No. 3:26-cv-475 on June 4, 2026. On April 28, 2026, the respondent in the prior case represented that the government was seeking travel documents from Mauritania and that Mauritania had scheduled an interview with Sow for May 7, 2026. Though the court set a deadline for Sow to file a reply brief for May 15, 2026, Sow declined for filing a reply brief. On this record, the court denied the petition,

finding that the scheduled interview demonstrated that the government was actively working towards removing him to Mauritania and that Sow had offered no substantial reason to believe that Mauritania would not accept him for removal and issue travel documents.

Given that Sow's detention remains ongoing and given the nature of habeas relief under Section 2241, the court does not find that claim preclusion bars his case. However, the court will consider whether this case is futile under Rule 4 of the Rules Governing Section 2254 Cases given that it was initiated just one month after the dismissal of a prior, similar petition. The primary difference between this petition and the prior petition is Sow's description of the interview scheduled with Mauritania.

According to Sow, he refused to provide personal information during his interview with Mauritania, and an ICE officer told him that he had failed to cooperate with removal efforts. However, he contends that he did not fail to cooperate because he considered the interviewer to be a stranger and because he could not see the interviewer's face on the monitor. He also contends that he did not fail to cooperate because he signed an unspecified form.

Sow thus suggests that his removal is not reasonably foreseeable and that he did not fail to cooperate with removal efforts despite his refusal to provide personal information during the interview. The first federal appellate case to have addressed these issues appears to be *Pelich v. I.N.S.*, 329 F.3d 1057 (9th Cir. 2003). There, the immigration detainee refused to complete an application for travel documents to Poland, and Poland expressly required the information on the application to determine

2

whether it would issue him travel documents. *Id.* at 1059. The immigration detainee further frustrated removal efforts by providing the government with conflicting information about his identity and family. *Id.* The Ninth Circuit reasoned that "the detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock" and held that "an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with the [government's] efforts to remove him." *Id.* at 1060-61.

Though neither the Supreme Court nor the Seventh Circuit appear to have addressed this precise issue in the immigration context, this seems a rather sensible rule—after all, one cannot typically create or self-inflict an alleged constitutional or other harm all one's own and then maintain standing to complain about it. *See, e.g., Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013); *see also Uzuegbunam v. Preczewski*, 592 U.S. 279, 285 (2021) (injury must be fairly traceable to defendant for standing to exist). Several federal courts that have addressed this concern in immigration cases have unanimously agreed with the Ninth Circuit. *See, e.g., Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1314 (11th Cir. 2019); *Hook v. Lynch*, 639 F. Appx. 229 (5th Cir. 2016); *Kovalev v. Ashcroft*, 71 F. Appx. 919, 924 (3d Cir. 2003); *Souleymane v. Olsen*, 2026 WL 785596, 4 (S.D. Ind. Mar. 20, 2026). This rule is also consistent with 28 U.S.C. § 1231(a)(1)(C), which extends the removal period if an individual refuses to cooperate with removal efforts, and 8 C.F.R. § 241.5(a)(2), which requires such cooperation as a mandatory condition of supervised release.

3

It is readily apparent from the allegations that Sow failed to cooperate with removal efforts by refusing to provide information to the Mauritanian interviewer. Under certain circumstances, the court might be reluctant to find that a petitioner has failed to cooperate if he had substantial justification for his refusal, the court has no such reluctance here. The fact that a detainee is not personally familiar with a governmental representative and cannot see the representative's face does not substantially justify refusing to provide personal information necessary for removal. Nor is it clear how Sow's signing of an unspecified form relates to whether he failed to cooperate with removal efforts by refusing to provide personal information to the interviewer. While Sow may have cooperated with removal efforts in some respects, it does not follow that he did not fail to cooperate in other respects. Because the sole claim in the habeas petition is futile, the court will dismiss the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Habeas Cases.

For these reasons, the court **DENIES** the petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on July 14, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT